UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 4:17-CV-38-JHM

BRIAN HALL                                                                                             PLAINTIFF

V.

WAL-MART STORES, INC.                                                                      DEFENDANT

## Memorandum Opinion and Order

This matter is before the Court on Plaintiff's Motion to Remand [DN 17]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Remand is **GRANTED**.

### I. Background

This case arises out of an incident where Plaintiff Brian Hall allegedly slipped and fell over a skateboard while shopping at Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). On December 22, 2016, Plaintiff filed this lawsuit in Hopkins Circuit Court. (Complaint [DN 1-3].) Subsequently, on June 26, 2017, Wal-Mart filed a Notice of Removal with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (Def.'s Notice of Removal [DN 1] ¶ 6.) In its Notice of Removal, Wal-Mart claimed, "As a result of past medical expenses incurred, future medical expenses to be incurred, the plaintiff's claimed pain and suffering and permanent impairment of earning capacity, the plaintiff's claim exceeds $75,000 exclusive of interests and costs." (Id. ¶ 5.)

On June 26, 2017, Plaintiff filed this Motion to Remand [DN 7] stating that the amount in controversy will not exceed $75,000 along with a Proposed Stipulation stating, "Any judgment for money damages entered in this matter in favor of the Plaintiff for any damages whatsoever shall not exceed the sum of $75,000.00, exclusive of interest and costs." (Pl.'s Verified

Stipulation [DN 17-1] ¶ 5.) Wal-Mart has now responded, claiming that Plaintiff, by his own sworn statements found in answers to interrogatories, established that his claim of damages exceeded $75,000.

## II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

## III. DISCUSSION

It is undisputed that these parties are diverse. Therefore, the principal issue here is whether or not Plaintiff's Stipulation that the amount in controversy in this action does not exceed $75,000 is sufficient for the Court to remand this action to Hopkins Circuit Court.

Courts within the Sixth Circuit have "noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold are generally disfavored because" if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." Gatlin v. Shoe Show, Inc., No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (citations omitted); see Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); Agri-Power, Inc. v. Majestic JC, LLC, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); Proctor v. Swifty Oil Co., Inc., No. 3:12-CV-

2

00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has advised that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." Rogers, 230 F.3d at 872. "However, where a state prevents a plaintiff from pleading a specific amount of damages," as Kentucky does, "and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a clarification of the amount in controversy rather than a reduction of such." Agri-Power, 2013 WL 3280244, at *3 (citing Proctor, 2012 WL 4593409, at *3). Therefore, a plaintiff may submit a stipulation that will clarify the amount in controversy for the purposes of destroying diversity jurisdiction under 28 U.S.C. § 1332. Id.

When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand." Egan v. Premier Scales & Sys., 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002); see Agri-Power, 2013 WL 3280244, at *3; Proctor, 2012 WL 4593409, at *3. This district "has recognized that a plaintiff may stipulate that it *neither seeks*, *nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. Agri-Power, 2013 WL 3280244, at *3 (emphasis added).

Here, Plaintiff uses language that has the same effect as the stipulations in aforementioned cases, as he states that he "will not seek a judgment or request a verdict for an amount in excess of $75,000.000 and will not seek attorneys fees for any amount that, together with any judgment or verdict, would exceed $75,000.00." (Pl.'s Verified Stipulation [DN 17-1] ¶ 4.) Further, the Plaintiff has promised, "If a judgment is rendered awarding me a sum in excess of this amount, I will not seek to enforce or collect, and will not be entitled to enforce or collect, any such award in excess of $75,000.00." (Id. ¶ 6.)

Under diversity jurisdiction, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff here clearly limits the recovery he seeks to an amount below the threshold requirement spelled out by the statute, as he seeks less than $75,000. See Lovelace v. Stonebridge Life Ins. Co., No. 1:13-CV-000138-TBR, 2013 WL 5966729, at *1 (W.D. Ky. Nov. 8, 2013) (finding unequivocal plaintiff's stipulation that "she will neither seek nor accept damages in this action in excess of $75,000 for all compensatory damages, punitive damages, [attorneys'] fees, exclusive of interest and costs"); see also Jenkins v. Douglas, No. CIV. 15-76-GFVT, 2015 WL 3973080, at *2 (E.D. Ky. June 30, 2015) (finding plaintiff's admission that he will not claim damages of $75,000 exclusive of interests and costs enough to be considered a binding stipulation for the purposes of remand); Rosenstein v. Lowe's Home Centers, Inc., No. CIV.A. 06-CV-415-KKC, 2007 WL 98595, at *1 (E.D. Ky. Jan. 9, 2007) (finding sufficient plaintiffs' affidavit that stated they "have never sought, and will not accept, either individually or collectively, more than $75,000 (exclusive of interest or costs)). Therefore, the language in Plaintiff's Verified Stipulation is sufficiently unequivocal for the purposes of this Motion to Remand.

The U.S. Supreme Court has recently ruled that stipulations such as the one here are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez, 561 U.S. 661, 677 (2010) (quoting 83 C.J.S. Stipulations § 93 (2000)). "Thus, '[s]tipulations must be binding' because they amount to an 'express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'" Agri-Power, 2013 WL 3280244, at *4 (citing Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013)). Because

Plaintiff states, "This Verified Stipulation serves to clarify the amount of damages I am seeking in my claim against Wal-Mart," ([DN 17-1] ¶ 2), it is an express binding waiver.

Therefore, the Court finds Plaintiff's Stipulation to be valid, binding, and enforceable and this action will be remanded to Hopkins Circuit Court.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 8, 2018

cc: counsel of record
    Hopkins Circuit Court

5